## BRADLEY ET AL. v. BLODGET.

Lands sold, and conveyed by deed, describing the metes, bounds, lines and supposed quantity; a verbal promise at the same time, to pay the grantee for all that it shall fall short on mensuration, adjudged to be within the Statute of Frauds and Perjuries.

ACTION on the case, stating that the plaintiffs purchased of the defendant a certain tract of land supposed to contain

sixty acres, described by certain metes, bounds and lines. That, at the time of sale and delivery of the deed, the defendant promised, if on actual mensuration said tract of land should fall short of sixty acres, he would satisfy the plaintiffs for the deficiency; and afterwards, by an accurate survey and mensuration, there proved to be but forty acres.

The defendant demurred specially, and for cause assigned—

1. That the plaintiffs might have their remedy on the covenants contained in the deed.

2. That it appears from the declaration, the plaintiffs took a deed of said land, describing the quantity and bounds, and no parol contract or agreement, beyond that contained in the deed, is admissible in law.

3. The declaration shows, that the plaintiffs saw said land and received a deed, giving a rule to find the quantity; of consequence, there was no deception.

4. That the promise declared upon, is a parol promise, concerning the sale of lands, and, therefore, within the Statute of Frauds and Perjuries.

The plaintiffs joined in demurrer, and the declaration was adjudged insufficient.

By Law, C. J., Dyer and Pitkin, JJ. This declaration is insufficient on two grounds:

1. Because the plaintiffs might have known the quantity of land before they paid the money, it being particularly described by metes and bounds; and no pretense but that the title well passed, or that the lines therein described fell short, or that the angles are misdescribed. And as the deed contained in it demonstrative evidence of its contents, any parol contract, contradicting the same, or relative thereto, is inadmissible.

2. Because it does not appear that the agreement was reduced to writing, and, therefore, void by the Statute of Frauds and Perjuries; as the defendant in his special demurrer, points out the contract, as coming within the statute, on the ground of being a parol contract, and the plaintiffs not replying over and alleging it to be otherwise, it must be presumed, the promise was not committed to writing.

SHERMAN, J., dissenting. The agreement is not within the Statute of Frauds and Perjuries, it being a promise only to pay back a sum of money, overpaid for the land, if, upon actual mensuration, it fell short of its supposed contents. And the agreement appears to be legal and reasonable, for the price of the land was, by agreement of the parties, to be in proportion to the contents which could not be known, but by its being surveyed by some skillful surveyor, which the parties might well postpone to some convenient time; and if, when ascertained, it appeared that more than the price agreed on had been paid, the surplus ought to be refunded. And if the promise had been within the Statute of Frauds and Perjuries, and in writing, it need not have been set forth in the declaration, but might have been given in evidence on the general issue; and no advantage can be taken of the omission on a general or special demurrer. Raym. 450, 451; 2 Jones, 158; S. C., 1 Bac. Abr. 75; Buller's *Nisi Prius*, 275.